

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
~~WILLIAMSON~~
ATTORNEY GENERAL

Honorable H. E. Faubion
Assistant Executive Secretary
Game, Fish and Oyster Commission
Austin, Texas

Dear Sir:

Opinion No. 0-6936
Re: Whether Articles 480a and 1377,
V.A.P.C., are game laws and re-
lated questions.

We have received your letter of November 15, 1945,
which is quoted below:

"1. Is Article 1377, Penal Code, 1925, a
'game law' the enforcement of which is the duty
of the game, Fish and Oyster Commission as well
as other officers?

"2. If you answer the first question in the
negative, then is the Game, Fish and Oyster Com-
mission authorized to collect the arresting officer's
fee when an arrest is made for violation of Article
1377, P. C. 1925 by a game and fish warden and
place such fee to the credit of the Department fund
in the State Treasury?

"3. Is Article 480a, P. C. 1925, providing
'Any person who shoots or discharges any gun,
pistol or firearm in, on, along or across any
public road in this State shall be fined not more
than One Hundred Dollars,' a 'game law' the en-
forcement of which is the duty of the Game, Fish
and Oyster Commission as well as other officers?

"4. If your answer to the third question is
in the negative, then is the Game, Fish and Oyster
Commission authorized to collect the arresting
officer's fee when an arrest is made for violation
of Article 480a, P. C. 1925 by a game and fish war-
den, and place such fee to the credit of Department
funds in the State Treasury?"

As specifically designated in Article 4018, V.A.C.S.,
and Articles 905 and 978f of the Penal Code, it is the duty and

obligation of the Game, Fish and Oyster Commission to enforce laws for the protection and preservation of game, wild birds and fish. Such laws relating to the preservation of game are generally referred to as "game laws" and are adequately described by the Georgia Court of Appeals in the case of Poulos v. State (174 S.E. 253) in the following language:

"'Game laws' is a title commonly used to describe a series of statutes, which have not a logically connected design, but of which the general aim is to protect from unauthorized pursuit and killing certain birds and animals ferae naturae which are fit for human food. Bouvier's Law Dictionary. Black's Law Dictionary defined them to be 'Laws passed for the preservation of game. They usually forbid the killing of specified game during certain seasons.'"

The most recent official revision of the Criminal Statutes of this State took place in 1925, when, at the Regular Session of the Thirty-Ninth Legislature, the Penal Code of Texas was officially adopted. At that time, Article 1377 was placed in Chapter Three entitled "Malicious Mischief" under Title 17 of the Code, labeled "Offenses Against Property." Whereas in the entirely separate division of the Code, namely, Chapter Six entitled "Game, Fish and Oysters" under Title 13, "Offenses Against Public Property," the statutes known as game laws, as well as others pertaining to the duties and authority of the Commission, were listed. The arrangement of the statutes in such manner, although not a controlling consideration, was indicative of the Legislative intent to exclude Article 1377 from the laws relating to game. 59 C. J. 1101; Sutherland on Statutory Construction, Vol. 2, p. 390.

The above Article was amended twice by Acts 1929, 41st Legislature, once in the First Called Session and again in the Second Called Session, and it presently reads as follows:

"Article 1377. Entering inclosed land to hunt or fish.

"Whoever shall enter upon the inclosed land of another without the consent of the owner, proprietor or agent in charge thereof, and therein hunt with firearms or thereon catch or take or attempt to catch or take any fish from any pond, lake, tank or stream, or in any manner depredate upon the same shall be guilty of a misdemeanor, and upon conviction thereof, shall be fined any sum not less than $10.00 nor more than $200.00 and by a forfeiture of his hunting license

and the right to hunt in the State of Texas for a period of one year from the date of his conviction. By 'inclosed lands' is meant such lands as are in use for agriculture or grazing purposes or for any other purpose, and inclosed by any structure for fencing either of wood or iron or combination thereof, or wood and wire, or partly by water or stream, canyon, brush, rock or rocks, bluffs or island. Proof of ownership or lease may be made by parol testimony. Provided, however, that this Act shall not apply to inclosed lands which are rented or leased for hunting or fishing or camping privileges where the owner, proprietor, or agent in charge or any person for him by any and every means has received or contracted to receive more than twenty-five cents per acre per year or any part of a year for such hunting, fishing or camping privileges, or where more than $4.00 per day per person is charged for such hunting, fishing or camping privileges. And provided further that this exemption shall exist for a period of one year from the date of the receipt of such sum or sums of money.

"Sec. 2. Any person found upon the inclosed lands of another without the owner's consent, shall be subject to arrest by any peace officer, and such arrest may be made without warrant of arrest. (As amended Acts 1929 , 41st Leg., 1st C.S., p. 242, ch. 100, Acts, 1929, 41st Leg., 2nd C.S., p. 41, ch. 26.)"

The emergency clause of the Act amending Article 1377, enacted by the First Called Session, casts some light upon its purpose and is set out below:

"Sec. 4. The fact that there is now no law providing for an adequate protection of the owners of farms and ranches on the one hand and the hunters on the other, the first from unjust depredations by unscrupulous hunters and the second from unfair and exorbitant rental charges, creates an emergency and an imperative public necessity and demands that the Constitutional Rule requiring bills to be read on three several days be suspended, and that this Act take effect from the date of its passage, and it is hereby so enacted." (Acts 1929, 41st Leg., 1st C.S., p. 242, ch. 100.)

The Article was again amended by the Second Called Session because it was feared the prior amendment might be construed to include the amount received by the owners of land for grazing

purposes to be within the twenty-five cents per acre, this reason being specifically stated in the emergency clause of the Act of that session.

Thus it is observed that originally and throughout the amendments to Article 1377, the Legislature was concerned with the protection of the private property owner against trespass. By the very words of the Article, it has no application to lands rented or leased by the owner for hunting, fishing or camping privileges for a specified amount. There is no language in the Article nor in any amendments thereto which indicate that the Legislature intended it as a provision for game preservation, and consequently it is our belief that Article 1377 is not a "game law" as that term has been defined.

Your inquiry with respect to Article 480a of the Penal Code is adequately answered by a former opinion of this office wherein it was held that Article 480a was not intended as a "provision of the game laws of this State." Said Opinion No. O-4318, written to the Honorable P. W. Minter, County Attorney of Jim Hogg County, and dated January 21, 1942, is attached hereto for your information.

Having disposed of your questions relating to the identity and nature of Articles 1377 and 480, V.A.P.C., we proceed to your questions regarding the authority of a game and fish warden to collect the arresting officers's fee which is placed to the credit of the Department Fund in the State Treasury when and if he should make an arrest for violation of the said Articles.

It might appear that Section 2 of Article 1377, supra, which reads "any person found upon the inclosed lands. . . shall be subject to arrest by any peace officer, and such arrest may be made without warrant of arrest" authorizes a game warden to make such an arrest. But that is not the case as game wardens have not been legally endowed with the general authority of the ordinary peace officer in this State, although they have substantial enforcement powers within their own enforcement field.

We have carefully reviewed all statutes, including Articles 212 - 217, Code of Criminal Procedure, pertaining to arrests without a warrant, Article 218 et seq. of said Code, pertaining to arrests under warrant, Articles 905, 906, 978f, Vernon's Penal Code, and Articles 4018, 4021, 4024 of the Revised Civil Statutes, pertaining to the powers and duties of Deputy Game and Fish Wardens, and have been unable to find any statute authorizing such deputies to arrest either with or without a warrant, a person who violates either Article 480a or Article 1377, V.A.P.C.

As we have found that a Deputy Game and Fish Warden has no authority to arrest for violations of Articles 1377 and 480a, V.A.P.C., then it follows that he cannot collect an arresting fee for such an arrest.

Consequently, we answer each and all of your questions in the negative and trust that this opinion will prove to be of some assistance to you.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Jack K. Ayer
Jack K. Ayer
Assistant

JKA:zd:wc

APPROVED JAN 30, 1946
s/Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman